# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

HAROLD R. MERCHANT,

       Plaintiff,      :      Case No. 3:06-cv-347

                              District Judge Walter Herbert Rice
      -vs-                          Chief Magistrate Judge Michael R. Merz

                              :

MONTGOMERY COUNTY CHILD
SUPPORT ENFORCEMENT
AGENCY, et al.,

       Defendants.

## REPORT AND RECOMMENDATIONS; ORDER TO THE CLERK

      This action is before the Court for review prior to issuance of process. Plaintiff was granted leave to proceed *in forma pauperis* under 28 U.S.C. §1915. 28 U.S.C. §1915(e)(2), as amended by the Prison Litigation Reform Act of 1995 Title VIII of P.L. 104-134, 110 Stat. 1321(effective April 26, 1996)(the "PLRA"), reads as follows:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that
>     (A) the allegation of poverty is untrue; or
>     (B) the action or appeal --
>     (I) is frivolous or malicious;
>     (ii) fails to state a claim upon which relief can be granted; or
>     (iii) seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous under this statute if it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 112 S. Ct. 1728, 118 L. Ed. 2d 340 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989). In deciding whether a complaint

1

is "frivolous," that is, the Court does not consider whether a plaintiff has good intentions or sincerely believes that he or she has suffered a legal wrong. Rather the test is an objective one: does the complaint have an arguable basis in law or fact?

It is appropriate for a court to consider this question *sua sponte* prior to issuance of process "so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke,* 490 U.S. at 324*; McGore v. Wrigglesworth,* 114 F.3d 601 (6th Cir. 1997); *Franklin v. Murphy,* 745 F.2d 1221, 1226 (9th Cir. 1984). The Court "is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiff's allegations." *Denton*, 504 U.S. 25, 112 S. Ct. 1728, 118 L. Ed. 2d at 349. Dismissal is permitted under §1915(e) only "if it appears beyond doubt that the plaintiff can prove no set of facts which would entitle him to relief." *Spruytte v. Walters*, 753 F.2d 498 (6th Cir. 1985), disagreed with by *Walker v. Mintzes*, 771 F.2d 920 (6th Cir. 1985); *Brooks v. Seiter*, 779 F.2d 1177 (6th Cir. 1985). §1915(e)(2) does not apply to the complaint of a non-prisoner litigant who does not seek *in forma pauperis* status. *Benson v. O'Brian,* 179 F.3d 1014 (6th Cir. 1999). Filing an *in forma pauperis* application tolls the statute of limitations. *Powell v. Jacor Communications Corporate,* 320 F.3d 599 (6th Cir. 2003)(diversity cases); *Truitt v. County of Wayne,* 148 F.3d 644, 648 (6th Cir. 1998)(federal question cases). Plaintiff Harold R. Merchant brought this case *pro se* and *in forma pauperis* against the Montgomery County Child Support Enforcement Agency, Deborah Battle, the Stark County Child Support Enforcement Agency, Montgomery County Juvenile Court Magistrates Michael Murphy, David Crammer, Grant Wadsworth, and Randal S. Cright, and attorney David Mesaros. As the Court understands his claim, it is that Defendant Deborah Battle at some point in time was receiving benefits or support from Plaintiff's disability check and "chose to take advantage of the situation with the co-Defendants" (Complaint, Doc. 2, at 5). He claims that one of the children for whom he is being charged support is over 21 years of age. *Id*. at 6. Some attorney told

him he had overpaid his arrearage. Finally, he claims Attorney Mesaros misrepresented him. *Id.* He asks this Court to "rectify the damaged that has been done to him." *Id.*

Plaintiff claims that all the Defendants have, in some unspecified way, violated his constitutional rights. To the extent that Plaintiff seeks to have this Court, which he refers to as a "higher tribunal," review the actions of the Montgomery County Common Pleas Court in cases involving Plaintiff (which he refers to as Cases Numbered JC 90-3273 and JC 95-5443 and IV-D Sets 7003452912 and 2005017509), he has come to the wrong court. Appellate jurisdiction over the actions of the Montgomery County Common Pleas Court, Juvenile Division, lie solely with the Montgomery County Court of Appeals. This Court cannot act as an appellate court for decisions made by that court. When a constitutional claim asserted in a federal proceeding is inextricably intertwined with a judgment entered in a state court, the district courts are without subject matter jurisdiction to consider the matter; it must be brought into the federal system by petition for writ of certiorari to the United States Supreme Court. *Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 44 S. Ct. 149, 68 L. Ed. 362 (1923); *Dist. Columbia Ct. of Appeals v. Feldman,* 460 U.S. 462, 103 S. Ct. 1303, 75 L. Ed. 2d 206 (1983); *Peterson Novelties, Inc. v. City of Berkley,* 305 F.3d 386, 390 (6th Cir. 2002); *In re Sun Valley Foods Co.*, 801 F.2d 186 (6th Cir. 1986); *Johns v. Supreme Court of Ohio,* 753 F.2d 524 (6th Cir. 1985).

If instead of attempting to change the judgment(s) of the Juvenile Division, Plaintiff is seeking damages against the Magistrates, any such action is barred by the doctrine of judicial immunity. The common law absolute immunity of judges was first recognized in this country in *Bradley v. Fisher,* 80 U.S. (*Wall*) 355, 20 L. Ed. 2d 646 (1872). It was explicitly extended to actions under 42 U.S.C. § 1983 in *Pierson v. Ray,* 386 U.S. 547, 87 S. Ct. 1213, 18 L. Ed. 2d 288 (1967), and *Stump v. Sparkman*, 435 U.S. 349, 98 S. Ct. 1099, 55 L. Ed. 2d 331 (1978). The immunity is lost only when judges act in the clear absence of all jurisdiction. *Id.* at 362; *King v. Love*, 766 F.2d

962 (6th Cir. 1985); *Schorle v. City of Greenhills,* 524 F. Supp. 821, 828 (S.D. Ohio 1981). Since Juvenile Court magistrates have jurisdiction to consider child support questions, it appears that anything they did in this case would be covered by judicial immunity.

If Plaintiff is suing the Juvenile Court magistrates in their official capacities and the Child Support Enforcement Agencies for some act which did not become "entwined" with the final judgments in a child support cases, his Complaint is too vague to give the Defendants notice of what it is they supposedly did that violates his constitutional rights.

Finally, assuming Mr. Mesaros provided legal representation in Plaintiff's child support cases, a claim of attorney malpractice might be sufficiently related to the other claims to support subject matter jurisdiction under 28 U.S.C. §1367. However, since the Magistrate Judge is recommending dismissal of the other claims, that claim should also be dismissed for filing in Common Pleas Court.

Accordingly, it is respectfully recommended that the Complaint herein be dismissed without prejudice for lack of subject matter jurisdiction under *Rooker-Feldman*, with prejudice for any claims against the Juvenile Magistrates in their individual capacities, without prejudice for failure to state a claim upon which relief can be granted as to the Child Support Enforcement Agencies and the magistrates in their official capacities, and without prejudice under 28 U.S.C. §1367 as to Mr. Mesaros.

The Clerk is ordered not to issue process in this case until further order of the Court.

November 3, 2006.

                                                  s/ Michael R. Merz
                                       Chief United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).